# IN THE COURT OF APPEALS OF IOWA

No. 21-1059
Filed May 11, 2022


**CHRISTOPHER WILLIAM SMEAD,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____


     Appeal from the Iowa District Court for Johnson County, Christopher L.

Bruns, Judge.


     Christopher Smead appeals the summary dismissal of his application for

postconviction relief.  **AFFIRMED.**



     Fred Stiefel, Victor, for appellant.

     Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney

General, for appellee State.



     Considered by Bower, C.J., and Schumacher and Ahlers, JJ.

**BOWER, Chief Judge.**

In January 2014, Christopher Smead pleaded guilty to third-degree sexual abuse and was sentenced to a ten-year suspended sentence, three years of supervised probation, and a lifetime special sentence under Iowa Code section 903B.1 (2014). Smead did not appeal. Thus, his conviction became final in 2014.

In 2020, Smead filed an application for postconviction relief (PCR), asserting he was not adequately represented at his plea proceeding and he would not have accepted the plea had he been informed of the lifetime parole component of his sentence. Smead alleged he learned of the lifetime special sentence two weeks before filing the PCR application.

The State filed a motion for summary dismissal, asserting the claim was time-barred by the three-year limitation period of Iowa Code section 822.3 and "[t]he record reflects that Mr. Smead was aware of the lifetime parole requirement at the time he entered his plea." The State later filed a motion for summary judgment with supporting documents: the guilty plea, the transcript of plea and sentencing, and the sentencing order. The State asserted Smead was informed about the lifetime special sentence both orally and in writing and his application failed to assert any ground of fact or law that could not have been raised within the applicable limitations period.

In resistance, Smead filed an affidavit, which states in part:

> Based on the limited discussion I had with counsel before I entered the plea I did not understand that the sentence for the offense of conviction, sexual abuse in the third degree, carries a sentence of lifetime parole after the regular sentence is discharged. I don't recall that judge said anything about lifetime parole during the plea/sentencing hearing, and I was not otherwise aware of that requirement.

After a hearing, the district court determined summary dismissal pursuant to Iowa Code section 822.6 was warranted because Smead was undisputedly informed of the special sentence and the lifetime-sentence component of his sentence could have been discovered within the limitations period. Smead appeals.

Because the district court correctly ruled Smead has not established a viable exception to overcome the three-year limitations period, the application is time-barred. *See* Iowa Code § 822.3 (containing an exception for grounds of "fact or law that *could not have been raised* within the applicable time period" (emphasis added)); *see also Quinn v. State*, 954 N.W.2d 75, 76–77 (Iowa Ct. App. 2020) (concluding the statute of limitations cannot be avoided where the evidence put forward to support a claim "was available to the applicant or could have been discovered with due diligence within the limitations period").

We affirm. *See* Iowa Ct. R. 21.26(1)(a), (e).

**AFFIRMED.**